UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IDA 1 INC.; KIP DREAM HOMES INC.; ORCHID TERRACE INC.; 1 TO INFINITY LLC, dba 1 TO INFINITY DB PLAN,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN HAN CHIANG CHEN, aka JOHN H. CHEN; YANG HA CHEUNG; and Does 1 to 20, inclusive,<br><br>Defendants. | Case No. C-13-02355-RMW<br><br>**ORDER REMANDING CASE**<br><br>[Re: Docket Nos. 3 and 8] |

On April 3, 2013, plaintiffs IDA 1 Inc., Kip Dream Homes Inc., and Orchid Terrace Inc. filed a complaint in the Superior Court of the State of California, County of Santa Clara, alleging unlawful detainer under California Code of Civil Procedure § 1161a(b)(3). On the day that the eviction trial was scheduled to take place in state court, May 24, 2013, defendants John H. Chen and Yang Ha Cheung removed the case to federal court on the alleged basis of a federal question. Notice of Removal, Dkt. No. 1. On that same day, plaintiffs filed a motion to remand this case back to state court. Motion to Remand, Dkt. No. 3. The issue is whether a federal question is present in the Complaint that gives this court subject matter jurisdiction over plaintiffs' claim.

1  For the reasons set forth below, the court concludes that it lacks subject matter jurisdiction, and
2  remands.

## I. BACKGROUND

On March 15, 0213, plaintiffs purchased the subject property located in Santa Clara County at a foreclosure sale conducted pursuant to California Civil Code § 2924, and recorded the Trustee's Deed in the Santa Clara County Recorder's Office. Compl. ¶¶ 6, 7, Dkt. No. 1, Ex. A. On March 29, 2013, plaintiffs served a notice to quit on defendants, informing them that the property was sold and requiring them to vacate the property within three days. *Id.* ¶ 8. Defendants failed to vacate, and plaintiff filed an action for unlawful detainer requesting "immediate restitution of possession of the subject property," damages, and costs in state court. *Id.* ¶ 10. On the day of trial, more than thirty days after service of the complaint, defendants removed this action to federal court on the alleged basis of a federal question. On the same day, plaintiffs filed the present motion to remand. Plaintiffs then filed a motion requesting an expedited decision on its motion for remand.

## II. ANALYSIS

Plaintiffs argue that defendants' notice of removal is both untimely and improper on its face. Defendants do not contest the fact that their removal was outside of the statutory thirty day timeframe for removal. Defendants simply argue that they did not intend to waive the right to remove. Defendants contend that plaintiffs' unlawful detainer action arises under the Protecting Tenants at Foreclosure Act of 2009, 12 U.S.C. § 5201 and that a federal question exists "as to whether there were violations of federal RESPA laws by the foreclosing parties." Opp'n 3-4, Dkt. No. 13.

The court agrees with plaintiffs that defendants' removal is both untimely and improper on its face, and is a clear attempt to delay the state court unlawful detainer trial. Defendants filed a notice of removal twenty days after the statutory deadline had passed, offering no explanation for the late filing. This alone warrants remand. 28 U.S.C. § 1446(b). Moreover, no federal question exists that gives rise to federal subject matter jurisdiction. Contrary to defendants' unfounded assertions, plaintiffs' unlawful detainer action states a claim only under California Code of Civil

1  Procedure § 1161a(b)(3), which does not raise any embedded federal question. *See Deutsche
2  Bank Nat. Trust Co. v. Baltazar*, No. 12-2281 (PJH), 2012 WL 2159414, at *2 (N.D. Cal. June
3  13, 2012); *Wells Fargo Bank v. Kravits*, No. 11-05698 (LB), 2012 WL 216379, at *2 (N.D. Cal.
4  Jan. 24, 2012) ("Plaintiff correctly argues that its complaint asserts only a cause of action for
5  unlawful detainer pursuant [to] . . . section 1161a(b)(3). . . . [I]n these circumstances, the PTFA
6  does not create federal-question jurisdiction.").

7      Remand is proper because there is no federal question at issue in this case and the court
8  lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Because both parties will benefit from an
9  expedient order on plaintiffs' motion to remand, the court deems this motion proper for a decision
10 without a hearing, *see* Civ. L.R. 7-1(b), and GRANTS plaintiffs' motion to remand on the papers.

### III. CONCLUSION

12     The court grants plaintiffs' motion to remand and hereby remands the case to the Superior
13 Court of the State of California, County of Santa Clara.

Dated: June 6, 2013

/s/ Ronald M. Whyte

Ronald M. Whyte
United States District Court Judge

ORDER REMANDING CASE
CASE NO. C-13-02355-RMW
ALG

- 3 -